(Rev. 5/05)

FORM TO BE USED BY A PRISONER IN FILING A COMPLAINT
UNDER THE CIVIL RIGHTS ACT, 42 U.S.C. §1983

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

(1) RAYMOND E. BRADLEY  #206914
   (Name of Plaintiff)     (Inmate Number)

Sussex Corr. Institution, P.O. Box 500
Georgetown, Delaware 19947
   (Complete Address with zip code)

06-655

(2) _____
   (Name of Plaintiff)     (Inmate Number)

   (Case Number)
   ( to be assigned by U.S. District Court)

_____
   (Complete Address with zip code)

(Each named party must be listed, and all names
must be printed or typed. Use additional sheets if needed)

vs.

**CIVIL COMPLAINT**

(1) Lieutenant Brumbaugh
(2) Captain Scarbarough
(3) Security Chief Cunningham
   (Names of Defendants)

• • Jury Trial Requested

FILED

OCT 23 2006

(Each named party must be listed, and all names
must be printed or typed. Use additional sheets if needed)

I. **PREVIOUS LAWSUITS**

A. If you have filed any other lawsuits in federal court while a prisoner, please list the caption and case number
including year, as well as the name of the judicial officer to whom it was assigned:

N/A

_____
_____
_____
_____
_____
_____

0

(NAMES OF DEFENDANT'S) cont... 1a

(4) Classification Officer Lt. Ricky Porter
(5) John Doe, (e.g. SHU Sargeant, 8x4 shift)
(6) John Doe, (e.g. SHU Sargeant, 4x12 shift)
(7) Property Room Officer Jane Morgan
(8) Warden Thomas Carroll
(9) Inmate Steven Hubble

II. **EXHAUSTION OF ADMINISTRATIVE REMEDIES**

In order to proceed in federal court, you must fully exhaust any available administrative remedies as to each ground on which you request action.

A. Is there a prisoner grievance procedure available at your present institution? • (Yes) • • No

B. Have you fully exhausted your available administrative remedies regarding each of your present claims? • •(Yes) • • No

C. If your answer to "B" is Yes:

1. What steps did you take? _Filed "Grievances" one: seeking to be compensa--ted for lost property; two: requesting to know why (I) placed in SHU._

2. What was the result? _On 1st grievance: received partial compensation. On 2nd grievance: Dismissed as being an ungrievable issue._

D. If your answer to "B" is No, explain why not: ___N/A___

III. **DEFENDANTS** (in order listed on the caption)

(1) Name of first defendant: _Lt. Brumbaugh._
Employed as _Staff/Area Lieutenant_ at _Delaware Correctional Center_
Mailing address with zip code: _1181 Paddock Road, Smyrna, Delaware 19977_

(2) Name of second defendant: _Captain Scarbarough_
Employed as _Current Security Chief_ at _Delaware Correctional Center_
Mailing address with zip code: _1181 Paddock Road, Smyrna, Delaware 19977_

(3) Name of third defendant: _Security Chief Cunningham_
Employed as _Currently Retired Security Chief_ at _Delaware Correctional Cntr._
Mailing address with zip code: _1181 Paddock Road, Smyrna, Delaware 19977_

(List any additional defendants, their employment, and addresses with zip codes, on extra sheets if necessary)

2

(III DEFENDANTS - cont...) 2a

(4) Name of fourth defendant: Ricky Porter
   Employed as Classification Officer Lieutenant, at Del. Corr. Cntr.
   Mailing address with zip code: 1181 Paddock Road, Smyrna, Delaware, 19977

(5) Name of fifth defendant: John Doe
   Employed as Sargeant of SHU, 8x4, at Delaware Corr. Cntr.
   Mailing address with zip code: 1181 Paddock Road, Smyrna, Delaware 19977

(6) Name of sixth defendant: John Doe
   Employed as Sargeant of SHU, 4x12, at Delaware Corr. Cntr.
   Mailing address with zip code: 1181 Paddock Road, Smyrna, Delaware 19977

(7) Name of seventh defendant: Jane Morgan
   Employed as Property Room Officer, at Delaware Corr. Cntr.
   Mailing address with zip code: 1181 Paddock Road, Smyrna, Delaware 19977

(8) Name of eighth defendant: Thomas Carroll
   Employed as Warden, at Delaware Corr. Cntr.
   Mailing address with zip code: 1181 Paddock Road, Smyrna, Delaware 19977

(9) Name of ninth defendant: Steven Hubble
   Employed as N/A (Status): Inmate, at Delaware Corr. Cntr.
   Mailing address with zip code: 1181 Paddock Road, Smyrna, Delaware 19977

IV. STATEMENT OF CLAIM

(State as briefly as possible the facts of your case. Describe how each defendant is involved, including dates and places. Do not give any legal arguments or cite any cases or statutes. Attach no more than three extra sheets of paper if necessary.)

1. 1) On December 22, 2004, at around 7:30 pm, within the S-1 housing unit, plaintiff was confronted by Del. Corr. Cntr. Lieutenant Brumbaugh, and ordered to submit to a strip search. Plaintiff complied.

2. 2) At the same time, plaintiff's cell and personal property was being taken apart and searched, by other staff.

3. 3) Twenty minutes after being stripped searched, plaintiff was advised by Lt. Brumbaugh, that, plaintiff was being considered as a "Security Risk."

    4) Lt. Brumbaugh asked plaintiff "If he wanted to give a statement?"

    5) Plaintiff asked Lt. Brumbaugh to clarify to him "What was the risk he posed to security?"

    6) Lt. Brumbaugh refused to disclose to plaintiff

(See Attached Sheets)

V. RELIEF

(State briefly exactly what you want the Court to do for you. Make no legal arguments. Cite no cases or statutes.)

1. Plaintiff is seeking the Court to hold the defendants liable to pay plaintiff Compensatory and Punitive damages for both the Violation Of His Constitutional Rights, and the Loss Of His Property. As well as an Injunction to Prohibit Them From Injuring Plaintiff In This Way Again.

3

(IV. STATEMENT OF CLAIM - Cont...) 3a

'what risk he posed to security.'

7) Thereby, plaintiff conveyed to Lt. Brumbaugh that "He could not give a statement; to defend against a thing that he had no clarity of."

8) Thus, plaintiff gave no statement.

9) Later in the evening, around 7:00 pm., plaintiff was handcuffed and shackled, and escorted to the SHU, (Maximum Security Lock-down.)

10) Plaintiff was not told anything further.

11) Though, the RESULTS of the strip and cell search of the plaintiff revealed absolutely no evidentiary matter against plaintiff.

12) Plaintiff later learned that Captain Scarborough ordered Lt. Brumbaugh to place plaintiff in the SHU.

13) And, that, the order of Capt. Scarborough was handed down by Security Chief Cunningham.

14) On December 23, 2004, plaintiff was seen in SHU by Classification Officer, Lt. Ricky Porter. Lt. Porter advised plaintiff that he has been "Classified" and placed on "Administrative Segregation" pending an "Internal Affairs Investigation."

15) Plaintiff still was not advised why of the actions against him.

16) On December 27, 2004, plaintiff saw, by chance, Captain Hazzard, and asked to speak with him. And, upon that conversation, plaintiff learned that he was being confined in SHU as a result of an "ANONYMOUS" note, which accused plaintiff of "Planning To Escape."

17) From December 22, 2004, through to January 1, 2005, plaintiff had asked the Sargeants on both 8x4 and 4x12 shifts, but, still was not provided with any under clothing or bathing articles, and was, thus, effectively rendered unable to bathe or care for his hygiene.

18) On January 2, 2005, plaintiff received 1 washcloth and 2 exchanges of under clothing.

19) On January 4, 2005, plaintiff was seen in SHU by "Property Room Officer" - Jane Morgan, who furnished him with some cosmetics, clothing, legal documents and a radio, (i.e., taken from plaintiff's personal property.)

(IV. STATEMENT OF CLAIM - cont...) 36

20) Then, Officer Morgan instructed plaintiff to sign a "Property Release Form," that directs what is to be done with his remaining property if he is unable to retain it within the next 30 days, (i.e., by Feb. 3, 2005.)

21) Plaintiff signed the 'property release form.'

22) On January 20, 2005, plaintiff, again, spoke with Capt. Hazzard, who advised him that - in the course of investigations - Prison Officials discovered who "AUTHORED" the anonymous note alleging the escape plan.

23) The 'author' of the note being one, inmate, "Steven Hubble."

24) That Hubble 'fabricated' the false claim simply out of his dislike for plaintiff.

25) That, as a result, Hubble was charged and placed in "Isolation."

26) That plaintiff has been cleared of any suspicion of wrong doing.

27) And, that, plaintiff would be returning back to his prior housing and status within the next few days.

28) To follow, between January 20 - 28, of 2005, while still in SHU, plaintiff had a direct conversation with property room Officer Morgan.

29) Plaintiff advised Officer Morgan of his conversation with Capt. Hazzard, and his pending return to prior status. And conveyed to Officer Morgan to 'retain his property'; having it available upon his release.

30) Plaintiff asked Officer Morgan to call Capt. Hazzard for verification.

31) Morgan replied that the matter was not her problem, and walked away.

32) On January 27, 2005, plaintiff advised Sgt. Mackerelli, of the SHU, 8 x 4 shift, that he was on a "HUNGER STRIKE," (and had been so at that point, 5 days already), for protest of the uncharged and continued confinement of him.

33) On January 28, 2005, plaintiff was admitted to prison hospital.

34) Plaintiff was advised that if he did not eat, he would be restrained and forced fed intravenously.

35) Plaintiff then began to eat and stabilize his health.

36) On February 1, 2005, plaintiff was released from prison hospital, and returned back to the SHU.

(IV. STATEMENT OF CLAIM - cont...) 3c

37) On February 3, 2005, plaintiff was seen in SHU by classification officer Lt. Porter, who was accompanied with Counselor- Ms. Hopkins.

38) The two, again, advised plaintiff that he was cleared of any suspected wrong doing. And have been "Reclassified" back to his prior status.

39) Lt. Porter and counselor Hopkins provided plaintiff with a statement to sign, attesting that, "He did not fear for his life, and was not afraid to return to his prior housing and status." Plaintiff signed the statement.

40) Plaintiff was not told anything further, nor was he given a reason for the need to sign the statement.

41) Eventually, on February 16, 2005, after a period of 57 days, plaintiff was released from SHU, and returned to his prior unit and status.

42) Plaintiff was never charged. And never given a hearing.

43) Plaintiff also provides that during the 57 day confinement, he wrote directly to the party of Warden Thomas Carroll, Deputy Warden Betty Burris, Security Chief Cunningham and Internal Affair's Joe Richardson - seeking and appealing to be directly informed and heard and confronted on the matter. However, that, at no time did any of these "CONTROLLING AUTHORITIES" responded to him.

44) Finally, on February 17, 2005, plaintiff went to the 'property room' to retrieve his "Personal Property," only to discover that, ( with the exception of his TV and Fan) officer Morgan had disposed of all of his personal property in it's absolute entirety.

45) By these actions and, or, failure to act - defendants Brumbaugh, Scarbarough, Cunningham, Porter, Doe, Doe, Morgan, Hubble and Carroll violated plaintiff's constitutional rights.

2. _____
   _____
   _____
   _____
   _____
   _____

3. _____
   _____
   _____
   _____
   _____
   _____

I declare under penalty of perjury that the foregoing is true and correct.

Signed this __8th__ day of __October__, 2_006_.

_____*Raymond E Bradley*_____
(Signature of Plaintiff 1)

_____
(Signature of Plaintiff 2)

_____
(Signature of Plaintiff 3)

4

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

RAYMOND E. BRADLEY,  *
       Plaintiff,   *
                    *
    v.              *       No. 06-655
                    *
WARDEN THOMAS CARROL, *
et al.,             *
       Defendants,  *

## CERTIFICATE OF MAILING

COUNTY OF SUSSEX   )
                   ) ss
STATE OF DELAWARE  )



BE IT REMEMBERED that on this 20th day of October 2006, Tina A. Mallory, of 37408 Millsboro Highway, Millsboro, Delaware 19966, personally appeared before me, a Notary Public in and for the County and State aforesaid, Sussex County, known to me personally to be such, who after being duly sworn did depose and state:

(1) That she is acting on behalf of Raymond E. Bradley, residing at the Sussex Correctional Institution.

(2) That on October 20th 2006, she did deposit in the mail with sufficient postage attached, 12 Copies of the attached Motions: Complaint Under The Civil Rights Acts, 42 U.S.C. § 1983, and 3 Copies of the attached Motions: Application

1

To Proceed In Forma Pauperis, and, Request For Appointment Of Counsel, Pursuant To 28 U.S.C. § 1915, in the above-captioned matter properly addressed to Clerk of Court, U.S. District Court, Lockbox 18, 844 N. King Street, Wilmington, DE 19801.

*Tina A Mallory*
Tina A. Mallory

SWORN TO and Subscribed
before me the day aforesaid
*Kimberly A. Weaver*
Notary Public
My Comission expires
on 4/12/09

Mr. Raymond E. Bradley
SBI# 206914
Sussex Correctional Institution
P.O Box 500
Georgetown, DE 19947

United States Postal Service®
**DELIVERY CONFIRMATION**™

0306 0320 0000 4614 3916

U.S. POSTAGE PAID
GEORGETOWN, DE 19947
OCT 20 '06
AMOUNT
$4.70
00021594-06

Clerk Of Court, U.S. District Court,
LockBox 18
844 North King Street
Wilmington, DE 19801



PRIORITY MAIL
UNITED STATES POSTAL SERVICE
LABEL 107R, OCT 1997   www.usps.gov



U.S.M.
X-RAY