IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| RAYMOND E. BRADLEY, | : |
| Plaintiff, | : |
| v. | : Civil Action No. 06-655-JJF |
| LIEUTENANT BRUMBAUGH, CAPTAIN SCARBAROUGH, SECURITY CHIEF CUNNINGHAM, LT. RICKY PORTER, JOHN DOE 1, JOHN DOE 2, JANE MORGAN, WARDEN THOMAS CARROLL, and INMATE STEVEN HUBBLE, | : |
| Defendants. | : |

Raymond E. Bradley, Pro se Plaintiff.

**MEMORANDUM OPINION**

January 10, 2007
Wilmington, Delaware

/s/ Joseph J. Farnan Jr.
**Farnan, District Judge**

Plaintiff Raymond E. Bradley, ("Bradley"), an inmate at the Sussex Correctional Institution ("SCI"), filed this civil rights action pursuant to 42 U.S.C. § 1983. He appears pro se and was granted in forma pauperis status pursuant to 28 U.S.C. § 1915. (D.I. 5.)

For the reasons discussed below, the Court will dismiss the complaint without prejudice as frivolous and for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1). The Court will deny Plaintiff's Motion For Appointment Of Counsel.

I.   THE COMPLAINT

Plaintiff was housed in the S-1 housing unit. He alleges that on December 22, 2004, his cell was searched and he was stripped searched. Plaintiff was advised by Defendant Lt. Brumbaugh ("Brumbaugh") that Plaintiff was considered a security risk. Later in the evening Plaintiff was transferred to the security housing unit ("SHU") pending an internal investigation. Plaintiff's placement in SHU was ordered by Defendant Captain Scarborough ("Scarborough"). Plaintiff learned he was placed in SHU as a result of an anonymous note accusing him of planning to escape. The note was written by Defendant inmate Steven Hubble ("Hubble"). Plaintiff alleges that from December 22, 2005 until January 1, 2005, he was not provided with underclothing or

bathing articles. He alleges he received the items on January 2, 2005. Defendant Jane Morgan ("Morgan"), the property room officer, provided Plaintiff with additional items on January 4, 2005, and also instructed Plaintiff to sign a property release form which gave direction on what could be done with Plaintiff's remaining property should he be unable to retain it within thirty days.

Plaintiff alleges that on January 20, 2005, he was told he had been cleared of any suspicion of wrongdoing, and that he would return to his prior housing status. He alleges that he was never charged and never given a hearing. He further alleges that he wrote to Defendant Warden Thomas Carroll ("Warden Carroll") as well as other prison officials.

Plaintiff alleges that he spoke to Morgan and asked her to retain his property so that it was available upon his release from SHU. Plaintiff was released from SHU on February 16, 2005. He alleges that he went to the property room on February 17, 2005, to retrieve his property, only to discover that it had been disposed of, with the exception of his television and fan. Plaintiff seeks compensatory and punitive damages, as well as injunctive relief.

## II. STANDARD OF REVIEW

When a litigant proceeds in forma pauperis, 28 U.S.C. § 1915 provides for dismissal under certain circumstances. When a

prisoner seeks redress from a government defendant in a civil action, 28 U.S.C. § 1915A provides for screening of the complaint by the Court. Both 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1) provide that the Court may dismiss a complaint, at any time, if the action is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant immune from such relief.

Pro se complaints are liberally construed in favor of the plaintiff. Haines v. Kerner, 404 U.S. 519, 520-521 (1972). The Court must "accept as true factual allegations in the complaint and all reasonable inferences that can be drawn therefrom." Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996)(citing Holder v. City of Allentown, 987 F.2d 188, 194 (3d Cir. 1993)). An action is frivolous if it "lacks an arguable basis either in law or in fact," Neitzke v. Williams, 490 U.S. 319, 325 (1989), and the claims "are of little or no weight, value, or importance, not worthy of serious consideration, or trivial." Deutsch v. United States, 67 F.3d 1080, 1083 (3d Cir. 1995). Additionally, a pro se complaint can only be dismissed for failure to state a claim when "it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Haines v. Kerner, 404 U.S. 519, 520-521 (1972)(quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)).

### III. ANALYSIS

#### A. Housing

Plaintiff's main complaint is that his constitutional rights were violated when he was transferred to SHU and remained there for 57 days, no charges were brought against him, and he was not provided a hearing. At issue is whether Plaintiff's alleged housing violation implicates a constitutionally protected property or liberty interest. See Sandin v. Conner, 515 U.S. 472 (1995). "Liberty interests protected by the Fourteenth Amendment may arise from two sources - the Due Process Clause itself and the laws of the States." Hewitt v. Helms, 459 U.S. 460, 466 (1983). In a prison setting, states may create protected liberty interests. These interests will be generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life. Sandin, 515 U.S. at 484 (internal citations omitted).

Neither Delaware law nor DCC regulations create a liberty interest in a prisoner's classification within an institution. See Del. Code Ann. tit. 11, § 6529(e). Moreover, "'[a]s long as the conditions or degree of confinement to which [a] prisoner is

-4-

subjected is within the sentence imposed upon him and is not otherwise violative of the Constitution, the Due Process Clause does not in itself subject an inmate's treatment by prison authorities to judicial oversight."' Hewitt, 459 U.S. at 468 (quoting Montanye v. Haymes, 427 U.S. 236, 242 (1976)). Hence, it has been determined that the transfer of a prisoner from one classification is unprotected by "'the Due Process Clause in and of itself,"' even though the change in status involves a significant modification in conditions of confinement. Hewitt, 459 U.S. at 468 (citation omitted); Moody v. Daggett, 429 U.S. 78 (1976 ); see also Lott v. Arroyo, 785 F.Supp. 508, 509 (E.D. Pa. 1991) (plaintiff transferred from group home to correctional facility had no constitutionally enforceable right to participate in work release program); Brown v. Cunningham, 730 F. Supp. 612 (D. Del. 1990) (plaintiff's transfer from general population to administrative segregation, without being given notice and opportunity to challenge it, was not violation of plaintiff's liberty interest). Based upon the foregoing, the decision to transfer Plaintiff to SHU cannot be viewed as falling outside the scope of "the sentence imposed upon him [or] otherwise violative of the Constitution." Accordingly, the claim based upon Plaintiff's transfer to SHU has no arguable basis in law or in fact. The Court will dismiss the claim as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).

B.  Conditions of Confinement

Plaintiff attempts to state a conditions of confinement claim as he alleges that during a ten day period he was not provided with underclothing or bathing articles. A condition of confinement violates the Eighth Amendment only if it is so reprehensible as to be deemed inhumane under contemporary standards or such that it deprives an inmate of minimal civilized measure of the necessities of life. See Hudson v. McMillian, 503 U.S. 1, 8 (1992); Wilson v. Seiter, 501 U.S. 294, 298 (1991). When an Eighth Amendment claim is brought against a prison official it must meet two requirements: (1) the deprivation alleged must be, objectively, sufficiently serious; and (2) the prison official must have been deliberately indifferent to the inmate's health or safety. Farmer v. Brennan, 511 U.S. 825, 834 (1994). Serious harm will be found only when the conditions of confinement "have a mutually enforcing effect that produces the deprivation of a single identifiable human need such as food, warmth, or exercise[.]" Blizzard v. Watson, 892 F. Supp. 587, 598 (D. Del. 1995) (citing Wilson v. Seiter, 501 U.S. at 303-304).

In this case, Plaintiff alleges that he was not provided with underclothing or bathing articles for ten days. This short duration did not deprive Plaintiff of the "minimal civilized measure of life's necessities." Rhodes v. Chapman, 452 U.S. 337,

347 (1981). Plaintiff's claim that his conditions of confinement violated his Eighth Amendment right to be free from cruel and unusual punishment has no arguable basis in law or in fact and the Court will dismiss it pursuant to § 1915(e)(2)(B) and § 1915A(b)(1).

C.  **State Actor**

Plaintiff names as a defendant inmate Hubble. He alleges that Hubble is the author of the anonymous note which resulted in his transfer to SHU.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege "the violation of a right secured by the Constitution or laws of the United States and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988) (citing Parratt v. Taylor, 451 U.S. 527, 535 (1981)) (overruled in part on other grounds Daniels v. Williams, 474 U.S. 327, 330-31 (1986)). To act under "color of state law" a defendant must be "clothed with the authority of state law." West, 487 U.S. at 49.

Quite simply, Hubble is not "clothed with the authority of state law." See Reichley v. Pennsylvania Dep't of Agric., 427 F.3d 236, 244-45 (3d Cir. 2005); Biener v. Calio, 361 F.3d 206, 216-17 (3d. Cir. 2004). He is an inmate housed within the Delaware Department of Correction. Therefore, the Court will dismiss the claim as frivolous pursuant to 28 U.S.C. §

1915(e)(2)(B) and § 1915A(b)(1).

### D. Personal Property

Plaintiff seeks compensation for the loss of his personal property. A prisoner's due process claim based on random and unauthorized deprivation of property by a state actor is not actionable under § 1983, whether the deprivation is negligent or intentional, unless there is no adequate post-deprivation remedy available. See Parratt v. Taylor, 451 U.S. 527, 542 (1981), overruled on other grounds by, 474 U.S. 327 (1986); Hudson v. Palmer, 468 U.S. 517, 533 (1984). Plaintiff has available to him the option of filing a common law claim for conversion of property. Inasmuch as Delaware law provides an adequate remedy for Plaintiff, he cannot maintain a cause of action pursuant to § 1983. See Hudson, 468 U.S. at 535; Nicholson v. Carroll, 390 F. Supp. 2d 429, 435 (D. Del. 2005); Acierno v. Preit-Rubin, Inc., 199 F.R.D. 157 (D. Del. 2001) (other citations omitted). Accordingly, the Court will dismiss the claim as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).

### IV. APPOINTMENT OF COUNSEL

Plaintiff moves for appointment of counsel on the bases that he is unable to afford counsel, he believes a factual investigation of the case is necessary, the legal issues are complex, and he does not possess the ability to present his own case. (D.I. 3.) The "decision to appoint counsel may be made at

any point in the litigation, and may be made by a district court sua sponte." Montgomery v. Pinchak, 294 F.3d 492, 499 (3d Cir. 2002). It is within the Court's discretion to seek representation by counsel for Plaintiff, but this effort is made only "upon a showing of special circumstances indicating the likelihood of substantial prejudice to [plaintiff] resulting. . .from [plaintiff's] probable inability without such assistance to present the facts and legal issues to the court in a complex but arguably meritorious case." Smith-Bey v. Petsock, 741 F.2d 22, 26 (3d Cir. 1984); accord Tabron v. Grace, 6 F.3d 147, 155 (3d Cir. 1993)(representation by counsel may be appropriate under certain circumstances, after a finding that a plaintiff's claim has arguable merit in fact and law).

The present case has no basis in law or fact and is not a meritorious case. Therefore, the Court will deny the Motion For Appointment Of Counsel. (D.I. 3.)

## V.   CONCLUSION

For the reasons discussed above, the Court will dismiss the Complaint without prejudice as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1). The Court will deny the Motion For Appointment Of Counsel. An appropriate Order will be entered.